## Austin H. Hart, Appellee, v. William J. Wilson, Appellant.

### Gen. No. 17,005.

1. INSTRUCTIONS—*as to proposition of law not involved in case.* Under Practice Act, §72, providing that the court in charging the jury shall only instruct as to the law in the case, where counsel improperly argues before the jury a proposition of law which is not involved in the case, it is error to instruct the jury on such proposition, and the correct practice is for opposing counsel to ask an instruction that the proposition is not involved in the case and should be entirely disregarded.

2. APPEALS AND ERRORS—*conflicting evidence.* Where the evidence is sharply conflicting, courts rarely feel warranted in holding a verdict manifestly wrong.

3. ATTORNEY AND CLIENT—*action for fees.* Verdict in action for attorney's fees *held* not manifestly contrary to the weight of evidence.

4. ATTORNEY AND CLIENT—*fees.* Where defendant fails to produce evidence as to reasonable and proper charges for services such as rendered by plaintiff, he cannot complain that the jury followed plaintiff's evidence.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 19, 1913.

BOWERSOCK & STILWELL, for appellant.

JAMES TURNOCK, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit for attorneys' fees and expenses. Appellee is a lawyer who has practiced his profession in various parts of the United States and who, at the time he claims to have been employed by appellant and to have rendered the services and incurred the expenses in question, claimed a residence in Detroit,

Michigan. The services, in which the charges were made, were rendered in and about Kingman, Arizona, and had to do with the affairs of the Sun Cloud Gold Mining Company, and appellant, William J. Wilson, its president. The case has been twice tried, the verdict of the jury being in each instance for appellee. The first verdict was for $1,120.90 and the last one was for $2,809.20. The judgment on the first verdict was reversed by the Appellate Court in the case of Wilson v. Hart, 129 Ill. App. 329. A judgment was rendered on the second verdict. Appellant seeks now to obtain in this court a reversal of that judgment on three grounds: First, that the verdict is not supported by the evidence; second, that the 15th instruction asked for by appellant was improperly refused; and, third, that the trial judge made improper remarks while the case was pending.

The rule that an Appellate tribunal will not reverse a judgment, unless it is manifestly against the weight of the evidence, is a wholesome rule and is universally adhered to. It is rare, indeed, where the evidence is sharply conflicting, that courts feel warranted in holding a verdict to be manifestly wrong. The evidence in this case is hopelessly in conflict on several important issues, but we think fairly tends to show an employment of appellee by appellant to represent him in the matters in which the charges are made. As already stated, two juries have by their verdicts found that appellee was employed by appellant and that services were rendered by appellee in the line of that employment that had not been paid for. The discrepancy in the amount of the two verdicts is accounted for by the fact that in the first trial there was no competent evidence before the jury as to what was the usual and customary charges of lawyers in Arizona for services of the kind rendered by appellee for appellant, while in the last trial there was evidence by a then resident attorney of that state

placing the customary charge there at an amount warranting the verdict. If the amount is too high, appellant has only himself to blame. He appealed from the former judgment to the Appellate Court and secured a reversal of it in part on the ground that evidence of the usual and customary charge for the services, in the state where the same were rendered, had not been produced by witnesss familiar with the same. In the second trial, appellant himself failed in that identical matter and submitted the case to the jury, as to that issue, on the testimony of appellee's witness, Dickson, who was an attorney practicing at Kingman, Arizona, at the time the services in question were rendered, and familiar with the usual and customary charges of attorneys there for services of a like character. The value of the services rendered was one of the vital issues in the case and appellant knew it and he should have been prepared to present proof in support of his contention that the charges were excessive. Failing in this, he cannot be heard to complain that the jury followed the only evidence before them in fixing the amount appellee was entitled to receive. We think the evidence fairly tends to support the verdict, and it is certain the verdict is not so manifestly contrary to the weight of the evidence, as to warrant a reversal of the judgment for that reason.

The instruction that was refused was with reference to the effect of the transfer of property by a person to secure a debt, within four months of the filing of a petition in bankruptcy, and informed the jury that such a transfer is deemed to be a preference of such creditor and may be set aside and treated as null and void. It is not claimed by appellant that the proposition covered by this instruction was an issue in the case, but it is insisted it should have been given to counteract an improper argument on that subject made by the attorney for appellee. Section

72 of the Practice Act provides that "the court in charging the jury shall only instruct as to the law in the case.". It would have been error to have given this instruction, regardless of what counsel for appellee said in his argument. It is not for the jury to determine, or for the court to instruct, in regard to the correctness of a proposition of law not involved in the issues in the case on trial, merely because counsel for one side or the other see fit to improperly argue such propositions to the jury. When such propositions are so improperly argued, the correct practice is for counsel to ask an instruction by which the jury shall be informed that the proposition argued is not involved in the case on trial, and that it is the duty of the jury to entirely disregard such argument. The instruction referred to was properly refused, regardless of whether it was handed up too late under the rules of the court.

Lastly, the remarks of the court complained of were not made in the presence of the jury, and there is not the slightest showing that the same were ever in any way brought to the attention of any member of the jury, or that appellant was in any way prejudiced by them. It is often true that courts, in disposing of motions or objections out of the hearing of the jury, necessarily and properly make comments which it would be improper to make in the presence of the jury, but such remarks are never made the basis for reversing a judgment without some showing that a party has been prejudiced thereby.

Finding no reversible error in the record, the judgment is affirmed.